**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK MULLETT, on behalf of himself and all others similarly situated,** | ) | |
| | ) | **CASE NO.** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE** |
| | ) | |
| **v.** | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | |
| **ASHTABULA COUNTY,** | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff Mark Mullett ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Ashtabula County (the "County" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others:

**JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.      At all times relevant herein, Plaintiff was a citizen of the United States and resident of Trumbull County, Ohio.

4.      At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

1

5.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C).

6.      Plaintiff's written consent to join this action is attached hereto as **Exhibit A**. Written consents to join this action when executed by other individual plaintiffs will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

### Defendant Failed to Compensate Plaintiff For Work He Performed As A K-9 Handler

7.      Plaintiff was employed by the County from October 2007 to February 2014 as a Deputy Sheriff, an hourly non-exempt position.

8.      In or around February 2014, Plaintiff was made a Deputy Sheriff K-9 Handler, which was also an hourly non, exempt position. At that time, Plaintiff obtained K-9 Officer Jager, which Plaintiff purchased with his own money. Most of Plaintiff's and Jager's K-9 training occurred while Plaintiff was off-duty, and Plaintiff was not compensated for most of that time.

9.      As a Deputy Sheriff K-9 Handler, Plaintiff was responsible for Jager at all times, regardless of whether Plaintiff and Jager were on-duty or off-duty. Plaintiff housed Jager, and was responsible for feeding, exercising, training, and grooming Jager, taking him to veterinary visits as needed, and generally caring for Jager.  Plaintiff spent at least 30 minutes a day of uncompensated time performing these tasks, and often spent even more time than that.

10.     Plaintiff's care for and training of Jager was required by Defendant so that Jager would be in good health and able to perform the K-9 duties Jager performed for Defendant.

11.     Plaintiff's care for and training of Jager necessarily and primarily benefited Defendant and its law enforcement efforts.

2

12.     Plaintiff's care for and training of Jager was an integral and indispensable part of Plaintiff's job as a Deputy Sheriff K-9 Handler.

13.     While Plaintiff was employed as a Deputy Sheriff K-9 Handler, he regularly worked in excess of forty hours in one or more workweeks.

14.     Plaintiff was not compensated at a rate of one and one-half times his regular rate of pay while caring for and training Jager, in violation of the FLSA.

15.     Defendant failed to make, keep, and preserve records of the hours Plaintiff worked. As a result, Plaintiff is entitled to submit his own information about the number of hours worked.

16.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**Defendant Failed to Include Non-Discretionary Bonuses**
**In Its Employees' Regular Rate of Pay**

17.     Additionally, Plaintiff and other similarly situated employees were paid non-discretionary "longevity bonuses" (hereinafter "Longevity") which were not calculated into their regular rates of pay for purposes of calculating overtime compensation.

18.     The FLSA mandates that non-discretionary bonuses be accounted for when determining a non-exempt employee's regular rate of pay for the purposes of calculating overtime compensation.

19.     Plaintiff and other similarly-situated employees, as full-time employees, regularly worked over 40 hours in a workweek during the last three years.

20.     Defendant's failure to include Longevity when calculating regular rates of pay resulted in Plaintiff and other similarly-situated employees not being paid the proper overtime compensation for all of the hours they worked in excess of forty (40) hours each workweek.

21.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23.     Plaintiff brings his claim for failure to include Longevity in regular rates of pay on behalf of himself and other similarly situated employees (the "Putative Class") who have been, are being, or will be adversely affected by Defendant's unlawful conduct described above.

24.     Plaintiff seeks to represent the following class for whom Plaintiff seeks the right to send "opt-in" notices, of which Plaintiff is himself a member.

- All former and current hourly non-exempt employees of Ashtabula County who, at any time during the last three years, worked in excess of 40 hours in any workweek and who received a longevity bonus.

25.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 50 persons.

26.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of other employees and are acting on behalf of their interests as well as his own in bringing this action.

27.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll and other records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Overtime Violations – K-9 Duties)

28.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29.     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

30.     Defendant violated the FLSA by having Plaintiff perform uncompensated work training and caring for his police dog.

31.     Defendant further violated the FLSA because it failed to account for all hours Plaintiff worked for the purposes of calculating overtime hours in a workweek.

32.     Defendant's practice and policy of not paying Plaintiff for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

33.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

34.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

35.     As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations - Longevity)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

38.     The FLSA mandates that non-discretionary bonuses be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

39.     Plaintiff and those similarly situated were paid non-discretionary bonuses, which were not calculated into their regular rates for purposes of calculating overtime compensation.

40.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay, including non-discretionary bonuses, for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

41.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

42.     As a result of Defendant's practices and policies, Plaintiff and the Putative Class have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2.      Awarding Plaintiff and the Putative Class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

3.      For a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

4.      Awarding Plaintiff and the Putative Class their reasonable costs and attorney fees necessarily incurred herein; and

5.      Awarding Plaintiff and the Putative Class such other and further relief as the Court deems just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone:      (216) 230-2955
Facsimile:      (330) 754-1430
Email: jmoyle@ohlaborlaw.com


Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Robi J. Baishnab (0086195)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:      (330) 470-4428
Facsimile:      (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com
        rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

</div>

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Jeffrey J. Moyle
Jeffrey J. Moyle