IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MULLETT, et al. | ) | CASE NO. 1:19-cv-01002 |
| Plaintiffs, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | |
| ASHTABULA COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) | **JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT** |
| Defendants. | ) ) | |

NOW COME Plaintiffs Mark Mullett and Sheri Allen ("Plaintiffs") and Defendants Ashtabula County Commissioners, Ashtabula County Sheriff's Office, and William R. Johnson ("Defendants") (collectively referred to as the "Parties"), by and through counsel, and respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Parties' Confidential General Settlement and Release Agreement (the "Settlement Agreement"), attached under seal as Exhibit 1. The Settlement Agreement seeks to resolve the claims Plaintiffs asserted against Defendants, including claims under the Fair Labor Standards Act ("FLSA"). The Parties respectfully move this Court to review the Settlement Agreement and issue an Order approving the Settlement Agreement as fair and reasonable.

The Parties respectfully submit that the Settlement Agreement between Plaintiffs and Defendants satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement Agreement was achieved following negotiations between counsel for the Parties, consideration of the legal and factual issues arising in this case, and the best interests of the Parties as evaluated by their respective counsel.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit 1: Confidential General Settlement and Release Agreement

Exhibit 2: Stipulated Order

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement Agreement, and the propriety of approving the Settlement Agreement.

## I. THE ACTION

1. Plaintiff Mullett initiated this action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. [Dkt. #1]. Plaintiff claims that Defendants violated the FLSA by failing to pay compensation including overtime for all hours worked over 40 in a workweek. Plaintiffs filed a First Amended Complaint, adding Plaintiff Allen as a party. [Dkt. #4]. Plaintiffs initially brought this action on behalf of similarly situated employees, but did not pursue conditional certification. Defendants answered the Complaint and First Amended Complaint, and denied any liability or wrongdoing of any kind against Plaintiffs.

## II. THE NEGOTIATIONS

Pursuant to the request of Plaintiffs' counsel, Defendants on or about October 9, 2019, produced the time and pay records for Plaintiffs in order to expedite settlement discussions. Approximately one week later, Plaintiffs' counsel submitted a demand, Defendants rejected via a counter-offer. Additional discussions were then held where informal ideas for settlement were discussed. As a result of these negotiations, the Parties reached a comprehensive agreement to resolve this entire matter.

## III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement Agreement will resolve all issues between Plaintiffs and Defendants in this case. Plaintiffs will receive the amounts stated in the Settlement

Agreement attached as Exhibit 1 and attorney's fees as stated therein. In exchange, this case will be dismissed with prejudice.

### IV. THE PROPRIETY OF APPROVAL

The Settlement Agreement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As explained below, Court approval is warranted on all scores.

The Settlement Agreement is a fair resolution of a bone fide dispute. The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The Parties state that the payments to Plaintiffs are fair, reasonable, and adequate given that (1) Defendants have agreed to pay substantially all unpaid overtime, liquidated damages and all attorney's fees incurred by Plaintiff, and (2) there exist several significant, bona fide factual and legal issues (the number of compensable hours worked, whether Plaintiffs are entitled to additional overtime payments, and the proper statute of limitations period). If approved by the Court, the proposed Settlement Agreement will make settlement payments available to Plaintiffs representing the fair and reasonable potential value of their claims. The proposed payments to Plaintiffs set forth in the Settlement Agreement attached as Exhibit 1 are based on co-independent assessments of the amounts of unpaid overtime during the applicable period. These payments were the result of fair and even-handed arm's length bargaining between experienced counsel for the Parties.

Plaintiffs' counsel will receive an agreed-upon amount for attorney's fees and reimbursement of litigation costs. The payment to counsel is the result of hard bargaining and represents a significant reduction from the total fees expended in the prosecution of the action.

Accordingly, the settlement proceeds are fair, reasonable and adequate.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement Agreement by entering the proposed Stipulated Order attached as Exhibit 2.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey J. Moyle (per email consent)* | */s/ Kenneth E. Smith* |
| JEFFREY J. MOYLE (0084854) | TIMOTHY T. REID (0007272) |
| HANS A. NILGES (0076017) | AMY L. KULLIK (0069663) |
| NILGES DRAHER LLC | KENNETH E. SMITH (0090761) |
| 614 W. Superior Ave., Ste. 1148 | Mansour Gavin LPA |
| Cleveland, OH 44113 | North Point Tower |
| jmoyle@ohlaborlaw.com | 1001 Lakeside Avenue, Suite 1400 |
| *Attorneys for Plaintiffs* | Cleveland, OH 44114 |
| | (216) 523-1500; Fax (216) 523-1705 |
| | treid@mggmlpa.com |
| | akullik@mggmlpa.com |
| | ksmith@mggmlpa.com |
| | *Attorneys for Defendants Ashtabula County Commissioners, Ashtabula County Sheriff's Office, and William R. Johnson* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31st, 2020, I electronically filed the foregoing Joint Motion for Approval of Settlement. All parties and counsel of record will receive service of this filing through the Court's electronic filing system and may access the filing through the Court's system.

*/s/ Kenneth E. Smith*
*Attorneys for Defendants Ashtabula County Commissioners, Ashtabula County Sheriff's Office, and William R. Johnson*