# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK MULLETT, et al., | ) | CASE NO. 1:19-cv-1002 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ASHTABULA COUNTY BOARD OF | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' joint motion for approval of a settlement. (Doc. No. 23 ["Joint Motion"].) Because the Court finds that the settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the settlement is approved.

## I. BACKGROUND

Plaintiffs, Mark Mullett and Sheri Allen, were employed, at all times relevant to this action, by defendant Ashtabula County Sherriff's Office as K-9 Handlers. (Doc. No. 10-2 (Second Amended Complaint ["SAC"]) ¶¶ 3, 4, 8.)[1] As part of their duties, plaintiffs were responsible for the training, care, and maintenance of their assigned K-9 Officers. (*Id.* ¶¶ 10, 11.) Plaintiffs allege that defendants failed to pay them overtime for the time they spent outside of work caring form their K-9 Officers, and failed to include their non-discretionary bonuses in their regular rate of pay. (*Id.* ¶¶ 16, 19.) In failing to do so, plaintiffs maintain that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Defendants deny that

---

[1] While this matter was pled as a collective action, plaintiffs did not pursue conditional certification.

they violated the FLSA and affirmatively assert that some or all of plaintiffs' claims are barred by the applicable statute of limitations. (*See generally* Doc. No. 15 (Answer to SAC).)[2]

On October 9, 2019, defendants produced the time and pay records of plaintiffs "in order to expedite settlement discussions." (Joint Motion at 136[3].) Thereafter, the parties engaged in settlement discussions that culminated in the settlement agreement presently before the Court. (*Id.*; *see* Doc. No. 24 (Confidential General Settlement and Release Agreement ["Settlement Agreement"]).) On January 31, 2020, the parties filed the present Joint Motion.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

---

[2] Specifically, by way of an affirmative defense, defendants maintain that plaintiffs are impermissibly seeking to recover wages that were allegedly earned more than 2 years before filing suit. (Answer to SAC, Affirmative Defense 3.)

[3] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such

fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all overtime worked, whether their general rate of pay was properly calculated, and whether any or all of plaintiffs' claims were time-barred.

Having reviewed the terms of the Settlement Agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiffs, the Court notes that the payments represent substantially all unpaid overtime and liquidated damages alleged by plaintiffs. As for the award of attorney's fees to plaintiffs' counsel, the Court finds that the award is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides virtually complete relief to plaintiffs. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. Conclusion

For all of the foregoing reasons, the Court approves the settlement. The claims in plaintiffs' SAC are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: February 25, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**